UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL TODD DYKSTERHOUSE,

    Movant,

                                            File No. 1:09-CV-563

v.

                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                     /

## **O P I N I O N**

This matter comes before the Court on Movant Michael Todd Dyksterhouse's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons that follow, his motion will be denied.

## I.

Movant was indicted on June 28, 2006, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and 18 U.S.C. § 2256 for possession and distribution of images of minors engaging in sexual conduct. Movant pled guilty on August 25, 2006, and was sentenced to 84 months in prison followed by ten years of supervised release. *United States v. Dyksterhouse*, Case No. 1:06-CR-154, Dkt. No. 42 (W.D. Mich. December 18, 2006). Movant did not directly appeal his sentence. Movant filed this § 2255 petition *pro se*, asserting three claims: ineffective assistance of counsel, that his plea was involuntary and made without

understanding of the charge and consequences of the plea, and his conviction was obtained by an illegal search and seizure. (Dkt. No. 1, Attach. 2, Mot. to Vacate.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and

2

"actual prejudice" or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. Section 2255 does not require a full blown evidentiary hearing in every instance. "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also

conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004). If the movant would be unable to discover the "facts supporting the claim or claims" at the time of judgment, the statute of limitations may begin to run from the date when those facts, through due diligence, could have been discovered. 28 U.S.C. § 2255(f)(4).

Judgment was entered in this case on December 14, 2006. (File No. 1:06-CR-154, Dkt. No. 42, J.) Measuring from the conclusion of the ten-day appeal period, the judgment of conviction became final on December 24, 2006. Movant had one year, until December 24, 2007, in which to timely file a motion under § 2255. The instant motion was filed on or about June 18, 2009, over a year and a half after the statute of limitations expired.

On September 9, 2010, this Court issued an order to show cause why Movant's motion to vacate are not time-barred. (Dkt. No. 5, Order to Show Cause.) Movant responded to the order on September 27, 2010, four days after the deadline. (Dkt. No. 6, Resp.) Movant, in his response, only addresses his first claim regarding ineffective assistance of counsel. *Id.* Accordingly, the remaining two claims in Movant's original motion to vacate will be summarily dismissed as time-barred. This Court will address Movant's assertion that his first claim should not be time-barred due to newly discovered evidence.

Movant claims that Counsel was ineffective for failing to conduct pre-trial discovery and investigations, and failing to file appropriate motions. *Id.* In addition, Movant alleges that Counsel's drug use influenced his representation of Movant. *Id.* Movant stated in his original motion to vacate that:

> After defendants plea hearing on August 30, 2006, Mr. Dyksterhouse confronted his counsel, Mr. Edwin Hettinger, asking him if he was using drugs. Mr. Dyksterhouse noticed a smell of marijuana on Mr. Hettinger. Counsel denied using drugs. It was obvious to Mr. Dyksterhouse that there was an outside influence on Mr. Hettinger's performance which resulted in an unreliable or fundamentally unfair outcome of his plea hearing.

(Dkt. No. 1, Attach. 2.)

Movant asserts that new evidence regarding Counsel's use of marijuana became available in June of 2008, when Mr. Hettinger was arrested for possession of marijuana. (Dkt. No. 6.) Movant states that "[e]vidence to counsels drug use was first gained by Mr. Dyksterhouse in June 2008 when he learned that Mr. Hettinger had been charged in Kalamazoo County Michigan with possession of marijuana while trying to bring the illegal drug into the courthouse." (Dkt. No. 1, Attach. 2.) Movant claims that this was new evidence of the ineffective assistance of counsel and therefore the statute of limitations should be deemed to run beginning June of 2008. (Dkt. No. 6.)

First, the fact that Counsel was charged with drug possession in 2008 is not a fact that proves Counsel's use of drugs at the time of the plea hearing or at any other time while representing Movant. The drug possession charge shows that Counsel may have possessed or used drugs in 2008, but it does not support Movant's claims of ineffective assistance of counsel in 2006 or before. It is therefore not a fact that supports Movant's claims.

Second, despite Movant's statement that he "first gained" evidence about Mr. Hettinger when Mr. Hettinger was charged with marijuana possession in 2008, Movant affirms that he had knowledge of Counsel's potential drug use on the day after his plea hearing. *Id.* Movant even confronted Counsel about it at that time. *Id.* As Movant stated in his own response to the order to show cause, the "allegations of Mr. Hettingers drug problems were verified in June 2008." (Dkt. No. 6.) The arrest in June 2008 simply confirmed Movant's knowledge that existed in 2006. Movant's claim that Counsel's 2008

6

arrest for marijuana possession provided new evidence is contradicted by the record and his own statements. Movant's suspicions that Counsel used drugs in 2006 constitute the facts that support his claim and those facts were known in 2006.

Third, in addition to the facts about Counsel's drug use, evidence of the actions that constituted ineffective assistance was available in 2006 before judgment was entered. Movant states that he knew of the "outside influence" on Counsel's actions that "resulted in an unreliable or fundamentally unfair outcome" when he confronted Counsel the day after his plea hearing. (Dkt. No. 1, Attach. 2.) At that time Movant was clearly aware of Counsel's alleged failure to conduct pre-trial discovery and investigations, and failure to file appropriate motions. Because Movant knew of, or was capable of discovering with due diligence, the facts that supported his claim of ineffective assistance of counsel, the statute of limitations was not delayed. Therefore, the statute of limitations concluded on December 24, 2007, one year and ten days after judgment was entered.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment

7

of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: October 4, 2010                           /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE